UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JILL WITTE, *Individually and On Behalf of All
Others Similarly Situated*,

                         Plaintiff,               **ORDER**
                                              CV 20-1310 (ENV)(SIL)

      -against-

CRONOS GROUP INC., MICHAEL GORENSTEIN,
and JERRY F. BARBATO,

                        Defendants.
-------------------------------------------------------------X
DONALD FINCH, *Individually And On Behalf Of
All Others Similarly Situated*,

                         Plaintiff,               **ORDER**
                                              CV 20-1324 (ENV) (SIL)

      -against-

CRONOS GROUP INC., MICHAEL GORENSTEIN,
and JERRY F. BARBATO,

                        Defendants.
-------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

     On March 11, 2020 Plaintiff Jill Witte filed a complaint (the "Witte Action") asserting putative class action claims under the Securities Exchange Act of 1934 (the "Exchange Act"), and on March 12, 2020 Plaintiff David Finch filed a complaint ("the Finch Action") asserting putative class action claims under the Exchange Act. Both complaints assert claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated under Section 10(b) of the Exchange Act, 17 C.F.R. § 240.10b-5. *See* Docket Entry ("DE") 1 of the Witte Action and Finch Action.

     In the Witte Action, on May 11, 2020, five motions to consolidate the cases, appoint lead plaintiff and approve selection of counsel were filed, and one motion to appoint lead plaintiff and approve selection of counsel was filed. *See* DEs [11], [13],

[14], [19], [20], and [22]. Similarly, in the Finch Action, on May 11, 2020 one of the movants also filed a motion to consolidate the cases, appoint lead plaintiff and approve counsel, and another one of the movants filed a motion to appoint lead plaintiff and approve lead counsel. *See* DEs [10] and [11] in the Finch Action. Since then, all movants have either withdrawn their motions or filed notices of non-opposition, except for movant Keith D. Norman ("Norman"). *See* DEs [26]-[30] in the Witte Action and DE [14] in the Finch Action. For the reasons set forth below, Norman's motions, DE [19] in the Witte Action and DE [10] in the Finch Action, are granted.

Pursuant to provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [on appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, both the Witte and the Finch Actions have the same defendants, same class period, and allege the same violations on similar facts. Further, there is no opposition to consolidating the Witte and the Finch Actions. Accordingly, the Court finds that consolidation is appropriate. *See* Fed. R. Civ. P 42(a)(2) (the Court may consolidate actions that "involve a common question of law or fact.").

Although there is no opposition to appointing Norman as lead plaintiff, "[e]ven when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 208 (E.D.N.Y. 2019). "The court must adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that: (1) has either filed the complaint or made a [timely] motion to be appointed as lead plaintiff(s); (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 26 (E.D.N.Y. 2019) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) (internal quotation marks omitted). Further, "[t]his presumption may be rebutted 'only' by proof that the presumptively adequate plaintiff either 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Here, the Court has considered the provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B) and appoints Norman as Lead Plaintiff. His motion was timely filed and he appears to have the largest financial interest in the relief sought by the class. Further, he fulfills the typicality and adequacy requirements under Fed. R. Civ. P 23(a). Finally, no other movant has sought to rebut the presumption the Norman is

the most adequate plaintiff, and there is no evidence that he is subject to unique defenses.

Further, the Court approves Norman's selection of the law firm of Labaton Sucharow LLP as lead counsel. *See Atanasio*, 331 F.R.D. at 31 (quoting *Bray v. Frontier Commc'ns Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)) ("The Court generally defers to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class.")

For the reasons set forth above, Norman's motions, DE [19] in the Witte Action and DE [10] in the Finch Action, are granted, and the other motions described above, DEs [11], [13], [14], [20], and [22] in the Witte Action, and DE [11] in the Finch Action, are denied as moot. The Court hereby appoints Keith D. Norman as Lead Plaintiff and Labaton Sucharow LLP as Lead Counsel. Further, *Witte v. Cronos Group Inc. et. al.*, case No. 20-CV-1310, and *Finch v. Cronos Group Inc. et. al.*, case No. 20-CV-1324, are hereby consolidated as *In re Cronos Group Inc. Securities Litigation*. All relevant documents and submissions shall be maintained as one file under Master File No. 20-CV-1310. Any other securities class actions filed in, or transferred to, this District related to the facts alleged in the cases described above shall be consolidated into this action.

Dated: Central Islip, New York
     October 22, 2020           **SO ORDERED:**

                     /s/ Steven I. Locke
                   STEVEN I. LOCKE
                   United States Magistrate Judge